UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **10-22375-CIV-MORENO**

VERONICA BOWENS - CRUSE and the FLORIDA DEPARTMENT OF REVENUE CHILD SUPPORT ENFORCEMENT PROGRAM; STATE ATTORNEY'S OFFICE DIVISION OF CHILD SUPPORT ENFORCEMENT; and the MIAMI DADE CENTRAL DEPOSITORY, *et. al*,

    Plaintiffs,

vs.

CARL J. BOWENS II *et. al*,

    Defendant.
_____/

## ORDER DISMISSING CASE AND ORDER DENYING ALL PENDING MOTIONS AS MOOT

THIS CAUSE came before the Court upon a *sua sponte* review of the record.

THE COURT has considered the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that this CAUSE is DISMISSED as Mr. Bowens II fails to state a discernible federal cause of action in the "Notice of Removal to a Federal Forum in Fact" alleging diversity jurisdiction in claiming a "Violation of the Public's Trust Utilizing Public Funded Tax Courts for Public and Private Gain" and "Violation of the Oath of Office Involving Malfeasance, Misfeasance and NonFeasance."

Further, Mr. Bowens II moved to proceed *in forma pauperis* and under 28 U.S.C. § 1915(e)(2)(B)(i), a court "shall dismiss the [*in forma pauperis* action] at any time if the court determines that . . . the action . . . is frivolous or malicious." According to the United States Supreme Court, a complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing dismissals under former section 1915(d), which contained the same language as current section

1915(e)(2)(B)(i)). A court may dismiss claims under section 1915(e)(2)(B)(i) where the claims rest on an indisputably meritless legal theory or are comprised of factual contentions that are clearly baseless. *See id.* at 327.

In *Neitzke*, the Supreme Court provided several examples of frivolous or malicious claims. Where the defendant is clearly immune from suit, or where the plaintiff alleges infringement of a legal interest which obviously does not exist, then the claim is founded on an indisputably meritless legal theory. *See id.* at 327. Claims detailing fantastic or delusional scenarios fit into the factually baseless category. *See id.* at 327-28. Finally, this Court also notes that a *pro se* party must be given greater leeway in pleading his case. *See Haines v. Kerner*, 404 U.S. 519 (1972).

Mindful of these principles, the Court proceeds to evaluate Mr. Carl Bowens II's *in forma pauperis* "Notice of Removal to a Federal Forum in Fact." Mr. Carl Bowens II's claims are frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because they does not contain "an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 327. After reviewing the entire "Notice of Removal to a Federal Forum in Fact," the Court concludes that the claims are indisputably meritless. Accordingly, it is

**ADJUDGED** that this case is DISMISSED, and all pending motions are DENIED AS MOOT. This case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of July, 2010.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record